**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ONESIMO GARZA, JR.,

Defendant-Appellant.

No. 07-7048
(D.C. No. 06-CR-00031-007-JHP)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **LUCERO**, Circuit Judges.


Defendant Onesimo Garza, Jr., pled guilty pursuant to a written plea

agreement to one count of conspiracy to commit money laundering. In return, the

government dismissed other charges against him relating to a drug-distribution

conspiracy. Under the terms of the plea agreement, Garza waived his right to

appeal any sentence imposed upon him based on "any and all motions, defenses,

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

probable cause determinations, and objections which defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant and imposition of sentence." Plea Agreement at 13. The agreement set forth Garza's understanding that the statutory maximum sentence was ten years' imprisonment, a fine of $250,000 or both, and a term of supervised release of up to three years. *Id.* at 2. As part of the agreement, Garza agreed to forfeit any interest in property involved in the underlying drug conspiracy. *Id.* at 6. The district court sentenced Garza to ten years' imprisonment, which was the statutory maximum sentence. The court further placed Garza on supervised release for a term of thirty-six months and ordered the forfeiture.

Notwithstanding the appeal waiver, Garza has filed a notice of appeal. The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam) (en banc). For the reasons explained below, we grant the motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, we held that a waiver of appellate rights will be enforced if (1) "the disputed appeal falls within the scope of the waiver of appellate rights; (2) . . . the defendant knowingly and voluntarily waived his appellate rights; and (3) . . . enforcing the waiver would [not] result in a miscarriage of justice." Garza concedes that his appeal falls within the scope of the waiver of appellate rights. We therefore need not address that factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that

court need not address each *Hahn* factor if defendant does not raise issue relating to that factor).

We reject Garza's argument that his waiver was not knowing and voluntary based on his contention that his apology in open court for "whatever they claim I did . . . indicates that [he] did not fully know what he was doing," Resp. to Mot. for Summ. Disposition at 1. The plea colloquy was thorough and amply established the knowing and voluntary nature of Garza's guilty plea.

Garza also argues that enforcement of the appellate waiver will result in a miscarriage of justice because there was a lack of factual basis for the guilty plea. The miscarriage-of-justice factor requires the defendant to show one of the following: (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver was otherwise unlawful. *Hahn*, 359 F.3d at 1327. Garza bases his argument solely on the fourth factor. For a fourth category unlawful waiver, the error must "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quotation omitted).

Garza's plea agreement contains a broad waiver of his right to appeal his sentence. That waiver is sufficiently comprehensive to encompass his claim that there was an inadequate factual basis for his plea. At his plea colloquy, Garza

admitted that he had agreed to help conceal the proceeds of the unlawful drug distribution, and that he knew the monies he deposited into his personal account were from drug dealings. Plea Colloquy at 38-39. Enforcing Garza's appellate waiver does not threaten "the fairness, integrity or public reputation of judicial proceedings," *Hahn*, 359 F.3d at 1327.

We GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM